UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| JOSEPH PULSINELLE and ROBERT JOHNSON, Individually and for Others Similarly Situated<br><br>v.<br><br>WECTEC STAFFING SERVICES, LLC | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Rule 23 Class Action |

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

SUMMARY

1.      Joseph Pulsinelle (Pulsinelle) and Robert Johnson (Johnson) (collectively Plaintiffs) bring this class and collective action to recover unpaid wages and other damages from WECTEC Staffing Services LLC (Wectec).

2.      Wectec employs Plaintiffs as Hourly Employees (defined below).

3.      Plaintiffs and the other Hourly Employees regularly work more than 40 hours a workweek.

4.      But Wectec does not pay Plaintiffs and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 a workweek.

5.      Instead, Wectec pays Plaintiffs and the other Hourly Employees non-discretionary bonuses that it fails to include in these employees' regular rates of pay for the purpose of calculating their overtime rates (Westinghouse's "bonus pay scheme").

6.      Westinghouse's bonus pay scheme violates the Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act (PMWA) by failing to compensate Plaintiffs and the other Hourly

Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 each workweek.

7.    Likewise, Westinghouse's bonus pay scheme violates the Pennsylvania Wage Payment and Collection Law (WPCL) by depriving Plaintiffs and the other Hourly Employees of earned wages on their regular paydays and/or following the termination of their employment.

### JURISDICTION & VENUE

8.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9.    This Court also has supplemental jurisdiction of the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

10.    This Court has general personal jurisdiction over Wectec because it is registered to do business in the Commonwealth and maintains its principal place of business in the Commonwealth. *See Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122, 134 (2023); *see also* 42 PA. CONS. STAT. § 5301.

11.    Venue is proper because a Wectec maintains its principal place of business in Cranberry Township, Pennsylvania, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

### PARTIES

12.    Wectec (and BHI Energy Services as its predecessor) has employed Johnson as a Senior Radiation Protection Technician since approximately January 2009.

13.    Wectec (and BHI Energy Services as its predecessor) has employed Pulsinelle as a Radiation Protection Technician since approximately January 1992.

14.    Throughout their employment, Wectec paid Plaintiffs under its bonus pay scheme.

15.    Pulsinelle's written consent is attached as **Exhibit 1**.

16.    Johnson's written consent is attached as **Exhibit 2**.

17.     Plaintiffs brings this class and collective action on behalf of themselves, and other Wectec employees paid under its bonus pay scheme.

18.     The putative FLSA collective of similarly situated employees is defined as:

> **All hourly Wectec employees who were paid a bonus during the last three years through final resolution of this action (the "FLSA Collective Members").**

19.     The putative Pennsylvania class of similarly situated employees is defined as:

> **All hourly Wectec employees who worked in, or were based out of, Pennsylvania[1] who were paid a bonus during the last 3 years through final resolution of this action (the "Pennsylvania Class Members").**

20.     The FLSA Collective Members and the Pennsylvania Class Members are collectively referred to as the "Hourly Employees."

21.     Wectec is a Delaware limited liability company headquartered in Cranberry Township, Pennsylvania.

22.     Wectec may be served with process through its registered agent: **Corporation Service Company, 5235 North Front Street, Harrisburg, Pennsylvania 17110.**

### FLSA COVERAGE

---

[1] The PMWA and WPCL apply to Pennsylvania workers, regardless of the state in which the work is performed. *Truman v. DeWolff, Boberg & Assocs., Inc.*, No. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009) ("In light of the FLSA's explicit recognition that states may offer greater protections to its employees than the FLSA, we are reluctant to find an unstated foreign-work exemption in the PMWA based solely on the fact that the FLSA contains such an exemption."). Courts apply a five-factor test for purposes of the PMWA and WPCL to determine whether workers are based in Pennsylvania, which include (1) employer's headquarters; (2) employee's physical presence working in Pennsylvania; (3) extent of employee's contact with Pennsylvania Employer, i.e., reporting, direction, supervision, hiring, assignment, and termination; (4) employee's residence; and (5) employee's ability to bring her claim in another forum. *See Matthews v. BioTelemetry, Inc.*, No. 18-561, 2018 WL 3648228, at *3 (E.D. Pa. July 31, 2018).

23.    At all relevant times, Wectec was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

24.    At all relevant times, Wectec was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

25.    At all relevant times, Wectec was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, and personal protective equipment—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

26.    At all relevant times, Wectec had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

27.    At all relevant times, Plaintiffs and the other Hourly Employees were Wectec's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

28.    At all relevant times, Plaintiffs and the other Hourly Employees were engaged in commerce or in the production of goods for commerce.

## FACTS

29.    "WECTEC Staffing Services provides customer-focused solutions with offerings ranging from high-volume and low-cost to specialized niche solutions, never compromising on delivering best-in-class customer service."[2]

30.    To meet its business objectives, Wectec employs workers, including Plaintiffs and the other Hourly Employees.

---

[2] https://wectecstaffing.com/ (last visited March 14, 2025).

31.    For example, Wectec has employed Johnson as a Senior Radiation Protection Technician since approximately January 2009 including in Kansas, Minnesota, and Missouri.

32.    Wectec has employed Pulsinelle as a Radiation Protection Technician since approximately January 1992 in Pennsylvania.

33.    As Radiation Protection Technicians, Plaintiffs' primary job duties include monitoring contamination levels, preparing and initiating machinery, performing radiological surveys, conducting radiological audits, and other duties within radioactive environments.

34.    Plaintiffs regularly work more than 40 hours a workweek.

35.    Indeed, Plaintiffs typically work approximately 12 hours a day for 6 days a week "on the clock" (72 hours a workweek).

36.    And Wectec pays both Pulsinelle and Johnson approximately $38 an hour.

37.    Likewise, the other Hourly Employees typically work approximately 12 hours a day for 6 days a week "on the clock" (72 hours a workweek).

38.    Wectec records Plaintiffs and the other Hourly Employees as working a pre-scheduled 12-hour shift each workday.

39.    At the end of each pay period, Plaintiffs and the other Hourly Employees receive wages from Wectec that are determined by common systems and methods that Wectec selects and controls.

40.    But Wectec does not pay Plaintiffs and the other Hourly Employees at the required overtime rate for all hours worked in excess of 40 a workweek.

41.    Instead, Wectec pays Plaintiffs and the other Hourly Employees under its bonus pay scheme.

42.    Specifically, Wectec pays Plaintiffs and the other Hourly Employees non-discretionary bonuses based on preceding agreement, including field bonuses, returning bonuses, and completion

bonuses, that it fails to include in these employees' regular rates of pay for the purpose of calculating their overtime rates of pay.

43.    For example, during the pay period ending November 17, 2024, Wectec paid Johnson a $3,000 "Field Bonus" that it failed to include in his regular rate of pay:

| Earnings | Rate | Hours/Units | Amount | Year-To-Date |
|---|---|---|---|---|
| Hourly Pay | 38.00 | 40.00 | 1,520.00 | 29,164.00 |
| Bonus | | | | 3,500.00 |
| Overtime | 57.00 | 32.00 | 1,824.00 | 27,795.00 |
| Per Diem Non-taxab | | | 1,085.00 | 16,700.00 |
| Out of Pocket Ex | | | | 2,600.27 |
| Field Bonus | | | 3,000.00 | 3,000.00 |
| Sick & Prsl Acti | | | | 456.00 |
| Gross Pay | | | 7,429.00 | 83,215.27 |
| Tax Deductions: Federal | | | | |
| Withholding Tax | | | 1,261.38- | 11,874.03- |
| EE Social Security Tax | | | 393.33- | 3,962.73- |
| EE Medicare Tax | | | 91.99- | 926.77- |
| Tax Deductions: Kansas | | | | |
| Withholding Tax | | | | 1,448.47- |
| Tax Deductions: Minnesota | | | | |
| Withholding Tax | | | 218.27- | 2,133.04- |
| Tax Deductions: Missouri | | | | |
| Withholding Tax | | | 144.00- | 149.00- |
| Total Net Pay | | | 5,320.03 | 62,721.23 |
| Total Work Hours for Pay Period | | | | 72.00 |

44.    Thus, under its bonus pay scheme, Wectec fails to pay Plaintiffs and the other Hourly Employees overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 a workweek.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

45.    Plaintiffs bring their claims as a class action under Pennsylvania law pursuant to FED. R. CIV. P. 23 and a collective action under Section 216(b) of the FLSA on behalf of themselves and the other Hourly Employees.

46.    Like Plaintiffs, the other Hourly Employees are victimized by Wectec's bonus pay scheme.

47.    Other Hourly Employees worked with Plaintiffs and indicated they were paid in the same manner under Wectec's bonus pay scheme.

48.    Based on their experiences with Wectec, Plaintiffs are aware Wectec's bonus pay scheme was imposed on other Hourly Employees.

49.     The Hourly Employees are similarly situated in the most relevant respects.

50.     Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked.

51.     Therefore, the specific job titles or locations of the Hourly Employees do not prevent class or collective treatment.

52.     Rather, Wectec's bonus pay scheme renders Plaintiffs and the other Hourly Employees similarly situated for the purpose of determining their right to overtime wages at the required rate for all overtime hours worked.

53.     Wectec's records reflect the number of hours it recorded the Hourly Employees working "on the clock" each week.

54.     Wectec's records also show it paid the Hourly Employees non-discretionary bonuses it failed to include in their regular rates of pay for the purpose of calculating their overtime rates of pay.

55.     The back wages owed to Plaintiffs and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

56.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Wectec's records, and there is no detraction from the common nucleus of liability facts.

57.     Therefore, the issue of damages does not preclude class or collective treatment.

58.     Plaintiffs' experiences are therefore typical of the experiences of the other Hourly Employees.

59.     Plaintiffs have no interests contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

60.     Like each Hourly Employee, Plaintiffs have an interest in obtaining the unpaid wages owed under Pennsylvania and federal law.

61.     Plaintiffs and their counsel will fairly and adequately protect the interests of the other Hourly Employees.

62.     Plaintiffs retained counsel with significant experience in handling complex class and collective action litigation.

63.     Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and Wectec will reap the unjust benefits of violating the FLSA and Pennsylvania law.

64.     Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

65.     Indeed, the multiplicity of actions would create a hardship to the Hourly Employees, the Court, and Wectec.

66.     Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

67.     The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

68.     Among the common questions of law and fact are:

a.      Whether Wectec paid the Hourly Employees non-discretionary bonuses;

b.      Whether Wectec failed to include non-discretionary bonuses in calculating the Hourly Employees' regular rates of pay;

c.      Whether Wectec failed to pay the Hourly Employees overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked;

d.      Whether Wectec's decision not to pay the Hourly Employees overtime wages at the required rate—based on all remuneration—for all overtime hours worked was made in good faith; and

e.      Whether Wectec's violations were willful?

69.      As part of its regular business practices, Wectec intentionally, willfully, and repeatedly violated the FLSA and Pennsylvania law with respect to Plaintiffs and the other Hourly Employees.

70.      Indeed, Wectec (along with related entities) has previously been sued for failing to pay overtime wages at the required rate for all overtime hours worked. *See, e.g.,* *Lingo v. BHI Energy Power Services*, No. 3:22-cv-01275 (M.D. Pa. 2022).

71.      Wectec's bonus pay scheme deprived Plaintiffs and the other Hourly Employees of the overtime wages at the required premium rate—based on all remuneration—they are owed under federal and Pennsylvania law.

72.      There are many similarly situated Hourly Employees who have been denied overtime pay at the required rate—based on all remuneration—in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

73.      The Hourly Employees are known to Wectec, are readily identifiable, and can be located through Wectec's business and personnel records.

### WECTEC'S VIOLATIONS WERE WILLFUL, UNREASONABLE, AND NOT THE RESULT OF A *BONA FIDE* DISPUTE

74.      Wectec knew it employed Plaintiffs and the other Hourly Employees.

75.      Wectec knew it was subject to the PMWA's and FLSA's overtime provisions.

76.      Wectec knew the PMWA and FLSA required it to pay non-exempt employees, including Plaintiffs and the other Hourly Employees, overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked after 40 a workweek.

77.     Wectec knew it was subject to the WPCL.

78.     Wectec knew the WPCL required it to pay employees, including the Pennsylvania Class Members, all wages (including overtime) earned on their regular paydays and following the termination of their employment.

79.     Wectec knew Plaintiffs and each Hourly Employee worked more than 40 hours in at least one workweek during the last 3 years because these employees were required to report their "on the clock" hours worked to Wectec via its timekeeping system.

80.     Wectec knew Plaintiffs and the other Hourly Employees were non-exempt employees entitled to overtime pay.

81.     Wectec knew it paid Plaintiffs and the other Hourly Employees non-discretionary bonuses.

82.     Wectec knew these non-discretionary bonuses were not included in Plaintiffs' and the other Hourly Employees' regular rates of pay for overtime purposes.

83.     And Wectec knew the PMWA and FLSA required it to pay Plaintiffs and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

84.     Wectec's failure to pay Plaintiffs and the other Hourly Employees overtime at the required rates—based on all remuneration—for all overtime hours worked was neither reasonable, nor was this decision made in good faith.

85.     Wectec's refusal to pay the Pennsylvania Class Members earned wages for all hours worked on their regular paydays and following the termination of their employment was unreasonable.

86.     Wectec's failure to pay the Pennsylvania Class Members their earned wages was not the result of a *bona fide* dispute.

87.    Wectec knew its conduct violated the FLSA, PMWA, and WPCL.

88.    Wectec knowingly, willfully, and/or in reckless disregard carried out its unlawful bonus pay scheme that deprived Plaintiffs and the other Hourly Employees of overtime wages at the required rate of pay—based on all remuneration—for all hours worked after 40 a workweek, in violation of the FLSA, PMWA, and WPCL.

## COUNT I
## FAILURE TO PAY OVERTIME UNDER THE FLSA
### (FLSA COLLECTIVE)

89.    Plaintiffs bring their FLSA claim as a collective action on behalf of themselves and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

90.    Wectec violated, and is violating, the FLSA by employing non-exempt employees such as Plaintiffs and the other FLSA Collective Members in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for the hours they worked in excess of 40 a workweek.

91.    Wectec's unlawful conduct harmed Plaintiffs and the other FLSA Collective Members by depriving them of overtime wages they are owed.

92.    Accordingly, Wectec owes Plaintiffs and the other Hourly Employees the difference between the wages actually paid and the overtime wages actually earned.

93.    Because Wectec knew or showed reckless disregard for whether this bonus pay scheme violated the FLSA, Wectec owes Plaintiffs and the other FLSA Collective Members these wages for at least the past 3 years.

94.    Wectec is also liable to Plaintiffs and the other FLSA Collective Members for an amount equal to all their unpaid overtime wages as liquidated damages.

95.    Finally, Plaintiffs and the other FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

<u>COUNT II</u>
FAILURE TO PAY OVERTIME WAGES UNDER THE PMWA
(PENNSYLVANIA CLASS)

96.    Pulsinelle brings his PMWA claim as a class action on behalf of himself and the other Pennsylvania Class Members pursuant to FED. R. CIV. P. 23.

97.    Wectec's conduct violated the PMWA (43 PA. STAT. §§ 333.101, *et seq.*).

98.    At all relevant times, Wectec was subject to the PMWA because Wectec was (and is) an "employer" within the meaning of the PMWA. *See* 43 PA. STAT. § 333.103(g).

99.    At all relevant times, Wectec employed each Pennsylvania Class Member as its covered "employees" within the meaning of the PMWA. *See* 43 PA. STAT. § 333.103(h).

100.    The PMWA requires employers, like Wectec, to pay non-exempt employees, including Pulsinelle and the other Pennsylvania Class Members, overtime at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek. 43 PA. STAT. § 333.104(c); *see* 34 PA. CODE §§ 231.41-43.

101.    Wectec violated, and is violating, the PMWA by employing non-exempt employees (Pulsinelle and the other Pennsylvania Class Members) for workweeks in excess of 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek. *See* 43 PA. STAT. § 333.104(c); *see also* 34 PA. CODE §§ 231.41-43.

102.    Wectec's unlawful conduct harmed Pulsinelle and the other Pennsylvania Class Members by depriving them of the overtime wages they are owed.

103.    Accordingly, Wectec owes Pulsinelle and the other Pennsylvania Class Members the difference between the rate actually paid and the required overtime rate plus prejudgment interest and all available penalty wages. *See* 43 PA. STAT. § 333.113.

104.    Finally, Pulsinelle and the other Pennsylvania Class Members are entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* 43 PA. STAT. § 333.113.

## COUNT III
### FAILURE TO PAY EARNED WAGES UNDER THE WPCL
### (PENNSYLVANIA CLASS)

105.    Pulsinelle brings his WPCL claim as a class action on behalf of himself and the other Pennsylvania Class Members pursuant to FED. R. CIV. P. 23.

106.    Wectec's conduct violates the WPCL. 43 PA. STAT. §§ 260.1, *et seq.*

107.    At all relevant times, Wectec was subject to the WPCL because Wectec was (and is) an "employer" within the meaning of the WPCL. *See* 43 PA. STAT. § 260.2a.

108.    At all relevant times, Wectec employed Pulsinelle and each Pennsylvania Class Member as its covered "employees" within the meaning of the WPCL.

109.    The WPCL requires employers, like Wectec, to pay employees, including Pulsinelle and the other Pennsylvania Class Members, all wages (including overtime) earned, due, and owing to them on their regular payday(s) and following the termination of their employment. 43 PA. STAT. §§ 260.3 and 260.5.

110.    Wectec violated, and is violating, the WPCL by depriving the Pennsylvania Class Members of all wages earned, due, and owing to them on their regular paydays and/or following the termination of their employment. *See* 43 PA. STAT. §§ 260.3 and 260.5.

111.    Pulsinelle and the other Pennsylvania Class Members' earned wages have remained unpaid for more than 30 days from the date they were earned, due, and payable.

112.    Wectec's unlawful conduct harmed Pulsinelle and the other Pennsylvania Class Members by depriving them of the earned wages they are owed.

113.    Wectec's failure to pay Pulsinelle and the other Pennsylvania Class Members earned wages was not the result of a *bona fide* dispute.

114.     Rather, Wectec knowingly failed to pay earned wages to Pulsinelle and the other Pennsylvania Class Members.

115.     Accordingly, Wectec owes Pulsinelle and the other Pennsylvania Class Members their unpaid earned wages plus prejudgment interest and all available penalty wages. *See* 43 PA. STAT. § 260.9a.

116.     Wectec also owes Pulsinelle and the other Pennsylvania Class Members liquidated damages in an amount equal to 25% of their unpaid earned wages. *See* 43 PA. STAT. § 260.10.

117.     Finally, Pulsinelle and the other Pennsylvania Class Members are entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* 43 PA. STAT. § 260.9a(f).

## JURY DEMAND

118.     Plaintiffs demand a trial by jury on all Counts.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of the other Hourly Employees, seek the following relief:

    a.     An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Hourly Employees allowing them to join this action by filing a written notice of consent;

    b.     An Order designating this action as a class action pursuant to FED. R. CIV. P. 23;

    c.     An Order appointing Pulsinelle and his counsel to represent the interests of the Pennsylvania Class Members;

    d.     An Order finding Wectec liable to Plaintiffs and the other FLSA Collective Members for unpaid overtime wages owed under the FLSA plus an equal amount as liquidated damages;

e.      An Order finding Wectec liable to Pulsinelle and the other Pennsylvania Class Members for unpaid overtime wages owed under the PMWA plus all available penalty wages;

f.      An Order finding Wectec liable to Pulsinelle and the other Pennsylvania Class Members for unpaid earned wages owed under the WPCL plus liquidated damages in an amount equal to 25% of their unpaid wages;

g.      A Judgment against Wectec awarding Plaintiffs and the Hourly Employees all their unpaid wages, liquidated damages, statutory damages, and any other penalties available under the FLSA, PMWA, and/or WPCL;

h.      An Order awarding attorney's fees, costs, and expenses;

i.      Pre- and post-judgment interest at the highest applicable rates; and

j.      Such other and further relief as may be necessary and appropriate.

Date:   March 20, 2025                          Respectfully submitted,

                                                JOSEPHSON DUNLAP LLP

                                                By: /s/ Michael A. Josephson
                                                Michael A. Josephson, Esquire
                                                PA ID No. 308410
                                                Andrew W. Dunlap, Esquire
                                                TX Bar No. 24078444
                                                11 Greenway Plaza, Suite 3050
                                                Houston, Texas 77046
                                                Tel: (713) 352-1100
                                                Fax: (713) 352-3300
                                                mjosephson@mybackwages.com
                                                adunlap@mybackwages.com

                                                Richard J. (Rex) Burch, Esquire
                                                TX Bar No. 24001807
                                                BRUCKNER BURCH PLLC

11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

Joshua P. Geist, Esquire
PA ID No. 85745
William F. Goodrich, Esquire
PA ID No. 30235
**GOODRICH & GEIST, PC**
3634 California Ave.
Pittsburgh, Pennsylvania 15212
Tel: (412) 766-1455
Fax: (412) 766-0300
josh@goodrichandgeist.com
bill@goodrichandgeist.com

**ATTORNEYS FOR PLAINTIFFS AND THE HOURLY EMPLOYEES**