**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH PULSINELLE and ROBERT JOHNSON, Individually and for Others Similarly Situated, | Civil Action No. 2:25-cv-00405 |
| Plaintiffs, | |
| v. | |
| WECTEC STAFFING SERVICES, LLC | |
| Defendant. | |

**DEFENDANT WECTEC STAFFING SERVICES, LLC'S ANSWER TO
COMPLAINT AND ADDITIONAL DEFENSES**

Defendant WECTEC Staffing Services, LLC ("Defendant"), by its attorneys, hereby submits this Answer and Additional Defenses to the Complaint of Plaintiffs Joseph Pulsinelle and Robert Johnson ("Plaintiffs"). Defendant denies each and every allegation in the Complaint not specifically admitted herein, and further responds as follows:

1. Admitted in part; denied in part. Defendant admits only that Plaintiffs purport to bring claims under the FLSA and Pennsylvania law individually and on behalf of putative collective and putative classes. Defendant denies that it violated the law, that class and/or collective treatment is appropriate, or that Plaintiffs are entitled to any relief.

2. Admitted in part; denied in part. Defendant admits that Plaintiffs refer to themselves and members of the putative class and collective as the "Hourly Employees." Defendant further admits that it has employed Plaintiffs. Defendant denies that it violated the law, that class treatment is appropriate, or that Plaintiffs are entitled to any relief.

3. Admitted in part; denied in part. Defendant admits that Plaintiffs refer to themselves and members of the putative class and collective as the "Hourly Employees." Defendant also

admits that Plaintiffs and one or more other hourly employees worked more than forty (40) hours in a single workweek. Defendant denies the remaining averments in Paragraph 3.

4.    Denied.

5.    Denied.

6.    Denied.

7.    Denied.

8.    Paragraph 8 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

9.    Paragraph 9 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

10.    Paragraph 10 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

11.    Paragraph 11 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Admitted in part; denied in part. Defendant admits Plaintiffs purport that Exhibit 1 is Pulsinelle's written consent form. Defendant is without knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 15, and therefore they are denied.

16.    Admitted in part; denied in part. Defendant admits Plaintiffs purport that Exhibit 1 is Johnson's written consent form. Defendant is without knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 16, and therefore they are denied. we

17.     Admitted in part; denied in part. Defendant admits that Plaintiffs purport to bring claims under the FLSA and Pennsylvania law individually and on behalf of putative collective and putative classes. Defendant denies that it violated the law, that class and/or collective treatment is appropriate, or that Plaintiffs are entitled to any relief.

18.     Admitted in part; denied in part. Defendant admits only that Plaintiffs purport to bring claims under the FLSA individually and on behalf of the putative collective defined in Paragraph 18. Defendant denies that it violated the law, that collective treatment is appropriate, or that Plaintiffs are entitled to any relief.

19.     Admitted in part; denied in part. Defendant admits only that Plaintiffs purport to bring claims under Pennsylvania law individually and on behalf of the putative class defined in Paragraph 19. Defendant denies that it violated the law, that class treatment is appropriate, or that Plaintiffs are entitled to any relief.

20.     Admitted in part; denied in part. Defendant admits only that Plaintiffs refer to themselves and members of the putative class and collective as the "Hourly Employees." Defendant denies that it violated the law, that class treatment is appropriate, or that Plaintiffs are entitled to any relief.

21.     Admitted.

22.     Admitted.

23.     Paragraph 23 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

24.     Paragraph 24 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

3

25.     Paragraph 25 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

26.     Paragraph 26 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

27.     Paragraph 27 contains conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

28.     Paragraph 28 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

29.     Admitted.

30.     Admitted in part; denied in part. Defendant admits it employs hourly workers, including Plaintiffs. The remaining averments in Paragraph 30 are denied.

31.     Denied.

32.     Denied.

33.     Admitted.

34.     Admitted in part; denied in part. Defendant admits only that Plaintiffs worked more than forty (40) hours in a single workweek. The remaining averments in Paragraph 34 are denied.

35.     Denied.

36.     Admitted.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Admitted in part; denied in part. Defendant admits only that Plaintiffs purport to bring claims under the FLSA and Pennsylvania law individually and on behalf of putative collective and putative classes. Defendant denies that it violated the law, that class and/or collective treatment is appropriate, or that Plaintiffs are entitled to any relief.

46.     Denied.

47.     Defendant is without knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 47, and therefore they are denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Admitted in part; denied in part. Defendant admits that Plaintiffs refer to themselves and members of the putative class and collective as the "Hourly Employees." Defendant also admits that it keeps timekeeping records for certain employees. Defendant denies the remaining averments in Paragraph 53.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58. Denied.

59. Defendant is without knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 59, and therefore they are denied.

60. Denied.

61. Defendant is without knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 61, and therefore they are denied.

62. Defendant is without knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 62, and therefore they are denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Paragraph 67 and its subparts contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

68. Paragraph 68 and its subparts contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

69. Paragraph 69 contains conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74.    Paragraph 74 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

75.    Paragraph 75 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

76.    Paragraph 76 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

77.    Paragraph 77 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

78.    Paragraph 78 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

79.    Paragraph 79 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

80.    Admitted.

81.    Denied.

82.    Denied.

83.    Paragraph 83 contains conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Admitted in part; denied in part. Defendant admits only that Plaintiffs purport to bring claims under the FLSA individually and on behalf of the putative collective. Defendant denies that it violated the law, that collective treatment is appropriate, and that Plaintiffs are entitled to any relief.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Admitted in part; denied in part. Defendant admits only that Plaintiff Pulsinelle purports to bring claims under the PMWA individually and on behalf of the putative class. Defendant denies that it violated the law, that class treatment is appropriate, or that Plaintiffs are entitled to any relief.

97.    Denied.

98.    Paragraph 98 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

99.    Paragraph 99 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

100.    Admitted in part; denied in part. Defendant admits only that the PMWA contains requirements related to payment of overtime to non-exempt employees. Defendant denies that it violated the law or that Plaintiffs are entitled to any relief.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Admitted in part; denied in part. Defendant admits only that Plaintiff Pulsinelle purports to bring claims under the WPCL individually and on behalf of the putative class. Defendant denies that it violated the law, that class treatment is appropriate, or that Plaintiffs are entitled to any relief.

106.    Denied.

107.    Paragraph 107 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

108.    Paragraph 108 contains conclusions of law to which no response is required. To the extent a response is required, the averments are admitted.

109.    Admitted in part; denied in part. Defendant admits only that the WPCL requires payment of certain wages to employees. Defendant denies that it violated the law or that Plaintiffs are entitled to any relief.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    In response to the jury demand that appears in Paragraph 118, Defendant states that this Paragraph contains no allegations to which Defendant must respond. To the extent a response is required, Defendant admits that Plaintiffs purport to request a jury trial.

WHEREFORE, Defendant denies that it violated the law or that Plaintiffs are entitled to any relief, including, but not limited to, the relief detailed in the "Relief Sought" section following Paragraph 118.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant reserves the right to assert any and all defenses to Plaintiffs' claims. Defendant has not yet obtained all necessary discovery from Plaintiffs or others in connection with this action, and therefore reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of the Federal Rule of Civil Procedure 8(c), and without conceding that any such defenses must be set forth in its answer or assuming any burden of proof that it would not otherwise bear, Defendant states as follows:

1.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted, in whole or in part.

2.    Plaintiffs' claims (and the claims of those on whose behalf they purport to bring claims) for liquidated damages under the WPCL are barred in whole or in part because a good faith contest or dispute exists with respect to the purported unpaid wages.

3.    Plaintiffs' FLSA claims (and the claims of those on whose behalf they purport to bring claims) are partially time-barred by the applicable statute of limitations. Specifically, the FLSA's statute of limitations is two years unless Plaintiffs can establish Defendant engaged in a willful violation of the FLSA; thus, in that case (in which case the statute of limitations would be extended to three years). No act or omission of Defendant which is alleged to violate the FLSA

10

was willful, knowing, or in reckless disregard for the provisions of the law, and Plaintiffs and/or the putative collective members therefore are not entitled to any extension of the FLSA's two-year statute of limitations. Plaintiffs' PMWA claims are subject to a three-year statute of limitations.

4.      Members of the putative class and collective action's claims are barred on the grounds that they entered into an arbitration agreement with Defendant (or its predecessors), and therefore, their exclusive remedy for their claims against Defendant is through final and binding arbitration. Accordingly, their claims must be dismissed or, in the alternative, stayed pursuant to the Federal Arbitration Act.

5.      Members of the putative class and collective action have waived all rights to assert any claims against Defendant in any manner or forum that violates the terms of their written arbitration agreement with Defendant (or its predecessors).

6.      Plaintiffs are not entitled to certification of any collective pursuant to 29 U.S.C. § 216(b) on their claims under the FLSA because they are not similarly situated to each other or to the putative collective action members whom they purport and seek to represent, and cannot identify a group of similarly situated employees or former employees of Defendant. For example, Plaintiffs cannot establish that they are similarly situated to the putative collective because members of the putative collective are subject to binding arbitration with Defendant.

7.      Plaintiffs cannot establish or satisfy the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, including, and without limitation, numerosity, commonality, typicality, and adequacy (of both the proposed class representative and proposed class counsel), or the prongs of predominance or superiority, and public policy considerations do not favor such a certification. For example, Plaintiffs cannot establish or satisfy the requirements

for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because members of the putative class are subject to binding arbitration with Defendant. By way of further example, Plaintiff cannot establish or satisfy the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure insofar as their class definition extends to or encompasses Defendant's employees who performed or are performing work outside of Pennsylvania.

8.      Plaintiffs' collective and class allegations must be dismissed because an independent and individual analysis of each alleged putative collective or class member's claims and each of Defendant's defenses to such claims is required.

9.      Any bonus paid to Plaintiffs or putative class/collective members underpinning Plaintiffs' claims were discretionary and not required to be incorporated into the regular rate of pay for purposes of overtime.

10.      Plaintiffs' claims and/or those of some or all of the putative collective action members are barred, in whole or in part, by the principles of accord and satisfaction and/or payment.

11.      Some or all of the claims of Plaintiffs and/or the putative class/collective members are barred, in whole or in part, because Plaintiffs and/or the putative class/collective members have waived and/or released such claims in exchange for adequate consideration.

12.      As discovery has not yet begun in this case, Defendant hereby gives notice that it intends to rely upon such further defenses as may become available during discovery in this action, and reserves the right to amend its Answer and assert additional defenses in accordance with law, and to seek attorneys' fees and costs under any applicable statute.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, having fully answered and responded to the allegations of the Complaint, Defendant respectfully requests that:

(1)    Plaintiffs' claims be dismissed with prejudice in their entirety;

(2)    Each and every prayer for relief contained in the Complaint be denied;

(3)    Judgment entered in favor of Defendant and against Plaintiffs;

(4)    All costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiffs pursuant to applicable laws; and

(5)    Defendant be granted such other relief as this Court may deem just and proper.

*/s/ Robert W. Pritchard*
Robert W. Pritchard, PA Bar No. 76979
rpritchard@littler.com
Christian A. Angotti, PA Bar No. 322881
cangotti@littler.com
Sean P. Dawson, PA Bar No. 326085
sdawson@littler.com

LITTLER MENDELSON, P.C.
1 PPG Place, Suite 2400
Pittsburgh, Pennsylvania 15222
Telephone:     412.201.7600
Facsimile:     412.456.2377

*Attorneys for Defendant*
*WECTEC Staffing Services, LLC*

Dated:  May 7, 2025

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May 2025, a true and correct copy of the foregoing DEFENDANT WECTEC STAFFING SERVICES, LLC'S ANSWER TO COMPLAINT AND ADDITIONAL DEFENSES was served and filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Michael A. Josephson, Esq.
mjosephson@mybackwages.com
Andrew E. Dunlap, Esq/
adunlap@mybackwages.com
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, TX 77046

Richard J. (Rex) Burch, Esq.
rburch@brucknerburch.com
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, TX 77046

Joshua P. Geist, Esq.
josh@goodrichandgeist.com
William F. Goodrich, Esq.
bill@goodrichandgeist.com
GOODRICH & GEIST, PC
3634 California Avenue
Pittsburgh, PA 15212

By: */s/ Robert W. Pritchard*
Robert W. Pritchard

4924-7905-7467